UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. `(`/`., J /9ς (-A ο` |
| v. | ) | |
| | ) | VIOLATIONS: |
| 1.  SAFWAN MADARATI, | ) | |
| a.k.a. "Sammy," | ) | 21 U.S.C. §§ 846, 841(a)(1) |
| 2.  VARTAN A. SOUKIASIAN, | ) | 841(b)(1)(A)(vii), and |
| a.k.a. "V," | ) | 841(b)(1)(C) - Conspiracy |
| 3.  HAGOP N. SARKISSIAN, | ) | to Distribute 1,000 Kilograms |
| a.k.a. "Jack," | ) | or More of Marijuana, |
| 4.  ANTRANIC IDANJIAN, | ) | Oxycodone, and Cocaine |
| a.k.a. "Anto," | ) | |
| 5.  ROBERT JOHNSON, | ) | 18 U.S.C. § 894(a) - |
| a.k.a. "Bobby," | ) | Conspiracy to Collect Debt |
| 6.  SANUSIE MO KABBA, | ) | by Extortionate Means |
| 7   JEFFREY SPINKS, | ) | |
| 8.  KARAPET DZHANIKYAN, | ) | 18 U.S.C. § 371 - Conspiracy |
| a.k.a. "Garo," | ) | to Defraud the United States |
| 9.  RONALD J. MARTINEZ, | ) | |
| 10. VICTOR LOUKAS, | ) | 18 U.S.C. § 1001(a) - Making a |
| a.k.a. "Vic," | ) | Materially False Statement |
| 11. MANUEL KHANDJIAN, | ) | |
| a.k.a. "Manos," | ) | 18 U.S.C. § 1956(h) - |
| a.k.a. "Baldy," | ) | Conspiracy to Launder Monetary |
| 12. ANTOINE HAGE MOUSSA, | ) | Instruments |
| 13. ROBERTO VELASQUEZ-JOHNSON, | )) | |
| a.k.a. George Diamond, | ) | 18 U.S.C. § 2 - Aidding and |
| 14. GARABET JARTIDIAN, | ) | Abetting |
| 15. NICOLAS ANTHIS, | ) | |
| 16. ILIAS KAPERONIS, | ) | 21 U.S.C. §§ 853 - Drug Asset |
| 17. NICHOLAS SOTIRIOU, and | ) | Forfeiture Allegation |
| 18. DOMENICO GUZZI | ) | |
| | ) | 18 U.S.C. § 981(a)(1)(C) and |
| | ) | 28 U.S.C. § 2461(c)- |
| Defendants. | ) | Extortionate Debt Collection |
| | ) | Forfeiture Allegation |
| | ) | |
| | ) | 18 U.S.C. § 982(a)(1) – Money |
| | ) | Laundering Forfeiture |
| | ) | Allegation |

INDICTMENT

2

**COUNT ONE:**     **(Title 21, United States Code, Section 846 -**
                **Conspiracy to Distribute Marijuana, Oxycodone, and**
                **Cocaine)**

The Grand Jury charges that:

From a date unknown, but not later than from in or about

June 2010, and continuing until on or about April 20, 2011, at

Watertown, Newton, Bedford, Burlington, and elsewhere in the

District of Massachusetts, the Eastern District of New York, the

District of Nevada, the Southern District of California, Canada,

and elsewhere,

|   |   |
|---|---|
| 1. | SAFWAN MADARATI, a.k.a. "Sammy," |
| 2. | VARTAN A. SOUKIASIAN, a.k.a. "V," |
| 3. | HAGOP N. SARKISSIAN, s a.k.a. "Jack," |
| 4. | ANTRANIC IDANJIAN, a.k.a. "Anto," |
| 5. | ROBERT JOHNSON, a.k.a. "Bobby," |
| 6. | SANUSIE MO KABBA, |
| 7 | JEFFREY SPINKS, |
| 8. | KARAPET DZHANIKYAN, a.k.a. "Garo," |
| 10. | VICTOR LOUKAS, a.k.a. "Vic," |
| 11. | MANUEL KHANDJIAN, a.k.a. "Manos," a.k.a. "Baldy," |
| 12. | ANTOINE HAGE MOUSSA, and |
| 14. | GARABET JARTIDIAN, |

defendants herein, did knowingly and intentionally combine,

conspire, confederate, and agree with each other and other

3

persons, known and unknown to the Grand Jury, to distribute and possess with the intent to distribute controlled subsances, to wit: marijuana, a Schedule I controlled substance; oxycodone, a Schedule II controlled substance; and cocaine, a Schedule II controlled subsance, in violation of Title 21, United States Code, Section 841(a)(1).

It is further alleged that the conspiracy described herein involved at least one thousand (1000) kilograms or more of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance.  Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(vii) applies to this count.

All in violation of Title 21, United States Code, Section 846.

4

**COUNT TWO:**     (18 U.S.C. § 894(a) - Conspiracy to Collect Debt by Extortionate Means)

From in or about December, 2010, and continuing until on or about April 20, 2011, at Newton, Watertown, and elsewhere in the District of Massachusetts, in the Southern District of Florida, in Canada, and elsewhere,

        1.    **SAFWAN MADARATI,**
              **a.k.a. "Sammy,"**
        3.    **HAGOP N. SARKISSIAN,**
              **a.k.a. "Jack,"**
        6.    **SANUSIE MO KABBA, and**
        9.    **RONALD J. MARTINEZ,**

the defendants herein, did willfully and knowingly conspire, confederate, and agree with one another and with others known and unknown to the Grand Jury to participate in the use of extortionate means within the meaning of Title 18, United States Code, Section 891(7), to collect, and attempt to collect, extensions of credit and to punish for the nonrepayment thereof.

All in violation of Title 18, United States Code, Section 894.

5

**COUNT THREE:**    **(Title 21, United States Code, Section 856(a)(1) -**
**Maintaining a Place for Drug Purposes; Title 18,**
**United States Code, Section 2 - Aiding and**
**Abetting)**

From in or about February 2011 and continuing until on or

about April 20, 2011, at Watertown and elsewhere in the District

of Massachusetts,

1.    **SAFWAN MADARATI,**
      **a.k.a. "Sammy,"**
2.    **VARTAN A. SOUKIASIAN,**
      **a.k.a. "V,"**

defendants herein, did knowingly and intentionally use and

maintain a place, to wit; 10 Oakley Road, Garden Apartment,

Watertown, Massachusetts, for the purpose of manufacturing, and

distributing controlled substances, specifically marijuana and

and 3,4-Methylenedioxymethamphetamine/MDMA, also known as

"Ecstasy."

All in violation of Title 21, United States Code, Section

856(a)(1) and Title 18, United States Code, Section 2.

6

**COUNT FOUR:**     **(Title 18, United States Code, Section 371   -**
                    **Conspiracy to Defraud the United States)**

The Grand Jury further charges that:

### A. Introduction

At all times relevant to this Indictment:

1.     Immigration and Customs Enforcement ("ICE") is the
principal investigative arm of the U.S. Department of Homeland
Security ("DHS") an agency of the Executive Branch of the United
States Government.  Within ICE, Special Agents from Homeland
Security Investigations ("HSI") investigate a wide range of
domestic and international activities arising from the illegal
movement of people and goods into, within and out of the United
States including the smuggling of illegal drugs.

2.     Beginning in approximatley June 2010, and continuing
until the date of the filing of this Indictment, Special Agents
from HSI in Massachusetts, along with Special Agents from the
U.S. Drug Enforcement Administration ("DEA") and state and local
law enforcement agents, were investigating the suspected drug
trafficking activities of **SAFWAN MADARATI, a.k.a. "Sammy"** in and
around the area of Watertown, Massachusetts.  During this same
time, HSI Special Agents were authorized to investigate and make
arrests for violations of the Controlled Substances Act and the
Controlled Substances Import and Export Act in Title 21 of the
United States Code ("CSA") and were authorized to issue

administrative subpoenas for documents and records.

3. Between at least June 2010, and continuing until on or about November 29, 2010, **ROBERTO VELASQUEZ-JOHNSON, a.k.a. George Diamond** was a employed as a police officer with the Watertown Police Department.

## B. The Charge

From in or about June 2010, and continuing until on or about April 21, 2011, at Watertown and elsewhere in the District of Massachusetts, and elsewhere,

> 1. **SAFWAN MADARATI,**
>    **a.k.a. "Sammy," and**
> 13. **ROBERTO VELASQUEZ-JOHNSON,**
>     **a.k.a. George Diamond,**

defendants herein, did knowingly and intentionally combine, conspire, confederate, with each other and other persons, known and unknown to the Grand Jury, to defraud an agency of the United States, that is, the Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations, also known as "ICE," by impeding, impairing, obstructing and defeating the lawful functions of said agency of the United States in the investigation of violations of the Controlled Substances Act and the Controlled Substances Import and Export Act in Title 21 of the United States Code.

## C. Manner and Means of the Conspiracy

It was part of the conspiracy that:

8

1.    **SAFWAN MADARATI, a.k.a. "Sammy"** used his peronsal
connections with members of the Watertown Police Department,
including, **ROBERTO VELASQUEZ-JOHNSON, a.k.a. George Diamond,** to
obtain information about law enforcement activity in order to
impede and obstruct investigations into his drug trafficking
activities in Watertown, Massachusetts.

2.    By virtue of his employment as a police officer with
the Watertown Police Department until November 29, 2010, **ROBERTO
VELASQUEZ-JOHNSON, a.k.a. George Diamond,** obtained information
about an ongoing drug investigation that ICE had begun into the
drug trafficking activities of **SAFWAN MADARATI, a.k.a. "Sammy."**

### D. Overt Acts

In furtherance of this conspiracy, and to effect the objects
thereof, the following overt acts, among others, were committed
at Watertown, Waltham, Arlington, and elsewhere in the District
of Massachusetts and elsewhere:

1.    In or about June 2010, after police officers from the
Watertown Police Department and a HSI Special Agent from ICE
seized $70,040 in drug proceeds from **SAFWAN MADARATI, a.k.a.
"Sammy"** on June 14, 2010, in Watertown, Massachusetts, **ROBERTO
VELASQUEZ-JOHNSON, a.k.a. George Diamond** warned **MADARATI** that law
enforcement agents from "ICE" were investigating **MADARATI**.

2.    During a telephone call on or about September 27, 2010,
**ROBERTO VELASQUEZ-JOHNSON, a.k.a. George Diamond,** told **SAFWAN**

9

MADARATI, a.k.a. "Sammy" that someone was making him out to be biggest "mule" in Massaschusetts, mentioned "ICE," and told MADARATI that was "someone was talking" whom VELASQUEZ-JOHNSON referred to as "rats."

3.     During a phone call on or about April 20, 2011, at approximately 11:05 a.m., ROBERTO VELASQUEZ-JOHNSON, a.k.a. George Diamond, provided SAFWAN MADARATI, a.k.a. "Sammy" the residential home addresses of two local law enforcement officers in order for MADARATI to intimidate these two local law enforcement officers and protect his drug distribution activities.

All in violation of Title 18, United States Code, Section 371.

10

**COUNT FIVE:      (Title 18, United States Code, Section 1001 -
                    Making a Material False Statement)**

The Grand Jury further charges that:

On or about April 21, 2011, at Arlington in the District of
Massachusetts,

### 13.   ROBERTO VELASQUEZ-JOHNSON,
###        a.k.a. George Diamond,

defendant herein, did willfully and knowingly make a materially
false, fictitious, and fraudulent statement and representation in
a matter within the jurisdiction of a department and agency of
the United States by stating to a Special Agent of the U.S. Drug
Enforcement Administration and a Special Agent of the Federal
Bureau of Investigation that he had not spoken with **SAFWAN
MADARATI, a.k.a. "Sammy"** for about a week, when in fact he had
spoken with **SAFWAN MADARATI** the day before, on April 20, 2011.

All in violation of Title 18, United States Code, Section
1001.

11

**COUNT SIX:      (Title 18, United States Code, Section 1001  -
                 Making a Material False Statement)**

The Grand Jury further charges that:

On or about April 21, 2011, at Arlington in the District of
Massachusetts,

### 13.    ROBERTO VELASQUEZ-JOHNSON,
         a.k.a. George Diamond,

defendant herein, did willfully and knowingly make a materially

false, fictitious, and fraudulent statement and representation in

a matter within the jurisdiction of a department and agency of

the United States by stating to a Special Agent of the U.S. Drug

Enforcement Administration and a Special Agent of the Federal

Bureau of Investigation that he had only spoken with **SAFWAN**

**MADARATI, a.k.a. "Sammy"** over one of **MADARATI's** cellular phone

numbers, phone number (617) 335-2078, when in fact he had spoken

with **MADARATI** over three other of **MADARATI's** cellular phone

numbers, including phone number (339) 204-3901 the day before on

April 20, 2011.

All in violation of Title 18, United States Code, Section
1001.

12

**COUNT SEVEN:**    **(Title 18, United States Code, Section 1001 -**
**Making a Material False Statement; Title 18,**
**United States Code, Section 2 - Aiding and**
**Abetting)**

The Grand Jury further charges that:

On or about October 20, 2010, at Bridgewater in the District
of Massachusetts,

**15.   NICOLAS ANTHIS, and**
**16.   ILIAS KAPERONIS,**

defendants herein, did willfully and knowingly make and cause to
be made materially false, fictitious, and fraudulent statements
and representations in a matter within the jurisdiction of a
department and agency of the United States by stating to Special
Agents of the U.S. Drug Enforcement Administration and the U.S.
Department of Homeland, Immigration and Customs Enforcement, that
the $1,041,990.00 in U.S. currency that law enforcement agents
seized in Newtwon, Massachusetts on October 5, 2010, was derived
from legitimate investors in the United States for the purchase
of gold, when in fact the defendants herein knew that said U.S.
currency was the proceeds of drug trafficking.

All in violation of Title 18, United States Code, Sections
1001 and 2.

13

**COUNT EIGHT:**     (Title 18, United States Code, Section 1956(h) -
                      Money Laundering Conspiracy)

The Grand Jury further charges that:

From an unknown date but at least by in or about October,

2010 and continuing up to and including the date of this

Indictment, at Watertown, Netwon, Bedford, Cambridge, and

elsewhere in the District of Massachusetts, in the Eastern

District of New York, the Southern District of California, the

District of Nevada, and elsewhere in the United States, in Canada

and elsewhere,

    1.   **SAFWAN MADARATI,**
         **a.k.a. "Sammy,"**
    14.  **GARABET JARTIDIAN,**
    15.  **NICOLAS ANTHIS,**
    16.  **ILIAS KAPERONIS,**
    17.  **NICHOLAS SOTIRIOU, and**
    18.  **DOMENICO GUZZI,**

defendants herein, did knowingly and intentionally combine,

conspire, confederate and agree with each other and other

individuals known and unknown to the Grand Jury to conduct and

attempt to conduct financial transactions affecting interstate

and foreign commerce, knowing that the property involved in such

transactions represented the proceeds of some form of unlawful

activity and which in fact involved the proceeds of a specified

unlawful activity, that is, the felonious manufacture,

importation, receiving, concealment, buying, selling, and

otherwise dealing in a controlled substance and, with respect to

14

financial transactions occurring in whole and in part in the United States, an offense against a foreign nation involving the manufacture, importation, sale, and distribution of a controlled substance:

(A)   with the intent to promote the carrying on of said specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i); and

(B)   knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

All in violation of Title 18, United States Code, Section 1956(h).

15

**DRUG FORFEITURE ALLEGATION:   (Title 21, United States Code, Section 853)**

The Grand Jury further charges that:

1.   Upon conviction of one or more of the offenses alleged in Counts One and Three of this Indictment,

> 1.   **SAFWAN MADARATI,**
>      **a.k.a. "Sammy,"**
> 2.   **VARTAN A. SOUKIASIAN,**
>      **a.k.a. "V,"**
> 3.   **HAGOP N. SARKISSIAN,**
>      **a.k.a. "Jack,"**
> 4.   **ANTRANIC IDANJIAN,**
>      **a.k.a. "Anto,"**
> 5.   **ROBERT JOHNSON,**
>      **a.k.a. "Bobby,"**
> 6.   **SANUSIE MO KABBA,**
> 7    **JEFFREY SPINKS,**
> 8.   **KARAPET DZHANIKYAN,**
>      **a.k.a. "Garo,"**
> 10.  **VICTOR LOUKAS,**
>      **a.k.a. "Vic,"**
> 11.  **MANUEL KHANDJIAN,**
>      **a.k.a. "Manos,"**
>      **a.k.a. "Baldy"**
> 12.  **ANTOINE HAGE MOUSSA, and**
> 14.  **GARABET JARTIDIAN,**

defendants herein, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853: (1) any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the charged offenses; and (2) any and all property used or intended to be used in any manner or part to commit or to facilitate the commission of the offenses. The property to be forfeited includes, but is not limited to, the following:

16

(a)   A sum of money equal to the total amount of money involved in the offenses, which may be entered in the form of a joint and several forfeiture money judgment;

(b)   $1,041,990.00 in United States currency seized on October 5, 2010, in Newton, Massachusetts;

(c)   $1,766,900.00 in United States currency seized on October 27, 2010, in Lexington, Massachusetts;

(d)   $460,090.00 in United States currency seized on April 20, 2011, at 80 Warren Street, Waltham, Massachusetts;

(e)   $99,540.00 in United States currency seized on April 20, 2011, at 26 Sherman Street, Cambridge, Massachusetts;

(f)   7 gold bars valued at approximately $364,000.00 seized on April 20, 2011, at 26 Sherman Street, Cambridge, Massachusetts;

(g)   $102,525.00 in United States currency seized on April 20, 2011, at 19 Sylvan Lane, Boylston, Massachusetts;

(h)   $10,293.00 in United States currency seized on April 20, 2011, at 14 Lexington Street, Stoneham, Massachusetts;

(i)   $6,519.00 in Foxwoods Casino Chips seized on April 20, 2011, at 14 Lexington Street, Stoneham, Massachusetts;

(j)   $10,275.00 in United States currency seized on April 20, 2011, from 185 Warren Street, Watertown, Massachusetts;

(k)   $22,900.00 in United States currency seized on April 21, 2011, from Safety Deposit Box Number 2013 at Watertown Saving Bank, Warrendale Branch, 60 Main Street, Watertown, Massachusetts;

(l)   $78,955.41 in United States currency seized from Bank of America account number ending in 0889, held in the name Safwan Plumbing and Heating/SAFWAN MADARATI;

17

    (m)   $21,108.58 in United States currency seized from Bank of America account number ending in 7899, held in the name SAFWAN MADARATI;

    (n)   one 2004 Mercedes Benz S430, bearing VIN WDBNG83J44A394539 and Massachusetts registration 566LL3;

    (o)   one 2004 Mercedes E55 AMG, bearing VIN WDBUF76J34A482776 and a dealer registration;

    (p)   one 2008 Jeep Grand Cherokee, bearing VIN 1J8HR58238C191170 and Massachusetts registration 94MY19;

    (q)   one 2003 Dodge Ram 1500, bearing VIN 1D7HU16N63J576499 and Massachusetts registration 32DB82;

    (r)   one 2005 Chevrolet Express Van, bearing VIN 1GCGG25V4S1104843 and Massachusetts registration L21613;

    (s)   one 2006 Honda CBR Motorcycle, bearing VIN JH2SC57046M200441 and Massachusetts registration 2X3277;

    (t)   one 2007 Infiniti FX 35 SUV, bearing VIN JNRAS08W17X210132 and Massachusetts registration 32ND16; and

    (u)   one 2005 Mercedes E55 AMG, bearing VIN WDBUF76J05A786567 and Massachusetts registration 239FJ5.

    2.    If any of the above-described forfeitable properties, as a result of any act or omission of the defendants:

    a.   cannot be located upon the exercise of due diligence;

    b.   have been transferred or sold to, or deposited with, a third party;

    c.   have been placed beyond the jurisdiction of the Court;

18

     d.   have been substantially diminished in value; or

     e.   have been commingled with other property which
           cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21,

United States Code, Section 853(p), to seek forfeiture of any

other property of the defendants up to the value of property

described in paragraph 1.

    All pursuant to Title 21, United States Code, Section 853.

19

**EXTORTIONATE DEBT COLLECTION FORFEITURE ALLEGATION:**
**(Title 18, United States Code, Section 981(a)(1)(C) and Title 28,**
**United States Code, Section 2461(c))**

The Grand Jury further charges that:

1.     Upon conviction of the offense alleged in Count Two of

this Indictment, each of the defendants,

> **1.    SAFWAN MADARATI,**
> **a.k.a. "Sammy,"**
> **3.    HAGOP N. SARKISSIAN,**
> **a.k.a. "Jack,"**
> **6.    SANUSIE MO KABBA, and**
> **9.    RONALD MARTINEZ,**

shall forfeit to the United States, pursuant to Title 21, United

States Code, Section 981(a)(1)(C) and Title 28, United States

Code, Section 2461(c), any property, real or personal, which

constitutes or is derived from property traceable to such

violation.

2.     If any of the property described in paragraph 1 above,

as a result of any act or omission of the defendants,

> a.    cannot be located upon the exercise of due
>       diligence;
>
> b.    has been transferred or sold to, or deposited
>       with, a third party;
>
> c.    has been placed beyond the jurisdiction of the
>       Court;
>
> d.    has been substantially diminished in value; or
>
> e.    has been commingled with other property which
>       cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 28,

United States Code, Section 2461(c), incorporating Title 21,

United States Code, Section 853(p), to seek forfeiture of all

other property of the defendants up to the value of the property

described in paragraph 1.

All pursuant to Title 18, United States Code, Section 981

and Title 28, United States Code, Section 2461.

21

**MONEY LAUNDERING FORFEITURE ALLEGATION:   (Title 18, United States Code, Section 982(a)(1))**

The Grand Jury further charges that:

1.   Upon conviction of the offense alleged in Count Eight of this Indictment, each of the defendants,

> 1.   **SAFWAN MADARATI,**
>       **a.k.a. "Sammy,"**
> 14.  **GARABET JARTIDIAN,**
> 15.  **NICOLAS ANTHIS,**
> 16.  **ILIAS KAPERONIS,**
> 17.  **NICHOLAS SOTIRIOU, and**
> 18.  **DOMENICO GUZZI,**

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 982(a)(1), any property, real or personal, involved in the offense, and all property traceable to such property. The property to be forfeited includes, but is not limited to,

> (a)   A sum of money equal to the total amount of money involved in the offense, which may be entered in the form of a joint and several forfeiture money judgment;
>
> (b)   $1,041,990.00 in United States currency seized on October 5, 2010, in Newton, Massachusetts;
>
> (c)   $1,766,900.00 in United States currency seized on October 27, 2010, in Lexington, Massachusetts;
>
> (d)   $78,955.41 in United States currency seized from Bank of America account number ending in 0889, held in the name Safwan Plumbing and Heating/SAFWAN MADARATI; and
>
> (e)   $21,108.58 seized from Bank of America account number ending in 7899, held in the name SAFWAN MADARATI.

22

2.    If any of the property described in paragraph 1 above,

as a result of any act or omission of the defendants,

      a.    cannot be  located  upon  the  exercise  of  due
           diligence;

      b.    has been transferred or sold to, or deposited with,
           a third party;

      c.    has been placed beyond the jurisdiction of the
           Court;

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property which cannot
           be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 18

United States Code, Section 982(b)(1), incorporating Title 21

United States Code, Section 853(p), to seek forfeiture of any other

property of the defendants up to the value of the property described

in paragraph 1.

    All pursuant to Title 18, United States Code, Section 982.

23

A TRUE BILL

FOREPERSON OF THE GRAND JURY

Neil J. Gallagher, Jr.
Assistant United States Attorney

DISTRICT OF MASSACHUSETTS; May 19, 2011

Returned into the District Court by the Grand Jurors
and filed.

DEPUTY CLERK

@ 2:48 P.M.